Planter's Nut & Chocolate Co.  
    vs.     }Law No.3153  
Apostolos B Cascambas  
    October 1, 1925.

BAKER, J. Heard on plaintiff's motion for a new trial.

This is an action of book account for goods sold and delivered. The defendant filed a plea in set-off which exceeded the amount of the plaintiff's claim. The jury brought in a verdict for the defendant for $495.04 which, from the testimony, obviously is the amount of the defendant's set-off less

the amount of the plaintiff's original claim.

The defendant has not asked for any new trial because of the allowance of the plaintiff's claim, but the plaintiff has filed a motion for a new trial on the usual grounds, and on the further ground that by reason of accident and mistake the plaintiff did not have at the trial of the case certain material witnesses.

The only question in issue now before this Court is on the defendant's claim in set-off.

The evidence showed a rather long course of dealing, and an open running account covering several years, between the plaintiff, a candy manufacturing corporation, and the defendant, a wholesale dealer.

The defendant claims that he returned to the plaintiff company a large amount of goods, which it received and for which he had previously paid, and that the plaintiff company failed to allow him any credit for these goods.

The defendant's case is based chiefly on his own testimony. He is corroborated to some extent by correspondence between the parties, in particular defendant's Exhibits A and D.

The plaintiff's case was submitted on depositions and did not meet entirely the issues raised by the defendant in his plea in set-off.

In the opinion of the Court the verdict of the jury allowing the plea in set-off clearly supported by the weight of the evidence as submitted at the trial. The fact, as urged by the plaintiff, that the defendant allowed his claim, running back to 1918, to stand for sometime can perhaps be explained by the fact that the parties were constantly doing business and that there was an open running account between

them. Also the fact that the defendant's books and accounts were in rather an incomplete state may be explained by the fact that in moving from one building to another papers and accounts became lost and mislaid.

There is nothing in the case as now presented in this motion which supports the plaintiff's claim of newly discovered evidence. Its most serious ground for urging a new trial is that through accident it was not able to have its witnesses present at the trial but had to submit its case on depositions and that these depositions did not meet the defendant's claim in set-off. Several affidavits are submitted in support of this contention. Some of the correspondence attached to these affidavits was previously submitted in evidence as exhibits during the trial.

After considering the matter carefully it would not appear that this is a proper ground for the granting of a new trial in this court under the circumstances as here presented

O'Loughlin vs. Anderson, 118 Atl. 578.

The defendant's claim in set-off had been on file some two years and a half prior to the trial of the case and the plaintiff had full knowledge of that claim at the time it went to trial. If it was not prepared at that time to present its case, it seems to the Court that the request for a continuance or for further time should have been made, and that if the plaintiff took the choice of proceeding to trial with what it had, it should be obliged to stand the consequences, at least as far as this motion before this court is concerned.

In the judgment of the Court the verdict of the jury is supported by a fair preponderance of the testimony submitted.

Plaintiff's motion for a new trial is denied.

For Plaintiff: Max Levy.

For Defendant: William Williams.